NOT DESIGNATED FOR PUBLICATION

Nos. 128,499
128,500
128,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAX DAVID CROWE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI ANN BOLTON FLEMING, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed in part, vacated in part, and remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Jax David Crowe stipulated to violating his probation by committing a new crime and now timely appeals the district court's revocation of his probation and imposition of his underlying prison sentences along with his claim he is entitled to more jail credit than he received. Crowe entered this stipulation as part of his plea negotiations to plead no contest to a new offense. The district court later allowed Crowe to withdraw his plea because he was not advised his new conviction would require lifetime offender registration. While seeking to withdraw his plea, Crowe also requested

1

to withdraw his stipulation to violating his probation. The district court denied his request. Crowe now argues this violated his due process rights.

After careful review, we find no error in the district court's decision and affirm the revocation of Crowe's probation. However, we agree, under controlling precedent from our Supreme Court in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), and *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), the district court erred in denying him the full amount of jail credit toward his sentences in all of his cases. Accordingly, we vacate the jail credit portion of Crowe's sentence and remand for the district court to award Crowe the proper jail credit.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a global plea agreement, Crowe pled no contest to one offense in each of three separate cases—20CR93 (Case 1), 21CR23 (Case 2), and 21CR108 (Case 3). The district court sentenced him to consecutive terms of 40, 30, and 10 months' imprisonment for a total controlling prison sentence of 80 months. The district court suspended Crowe's sentences and placed him on supervised probation for 18 months. Crowe's probation did not go well. He was eventually arrested for new drug-related crimes, and the State moved to revoke his probation.

Crowe and the State came to an agreement whereby Crowe would stipulate to violating his probation and agree to serve his underlying prison sentences. Crowe further agreed to enter a no contest plea to possession of methamphetamine with the intent to distribute as charged in 23CR29 (Case 4). The State agreed to dismiss two misdemeanor charges for possession of drug paraphernalia. The State further agreed to recommend an underlying sentence of 40 months' imprisonment, suspended to 12 months' probation, after Crowe served his prison sentences in Cases 1, 2, and 3.

2

Crowe pled no contest to possession of methamphetamine with the intent to distribute and stipulated to violating his probation based on committing this new crime, as contemplated by the plea agreement. At sentencing in Case 4, the district court revoked Crowe's probation in Cases 1, 2, and 3, and ordered him to serve his underlying prison sentences of 80 months. In Case 4, the district court sentenced Crowe to 40 months' imprisonment, consecutive to his prior sentences, but granted a dispositional departure to 12 months' probation to start upon completion of his prior sentences. The district court only awarded Crowe jail credit toward his sentence in Case 1.

Months later, Crowe sought to withdraw his plea to possession of methamphetamine with intent to distribute and his stipulation to violating his probation, arguing that the district court and his plea counsel had not advised Crowe that the conviction in Case 4 required lifetime offender registration. The district court agreed that Crowe had not been informed his new conviction required lifetime registration; therefore, his plea was not knowingly and understandingly made. The district court allowed Crowe to withdraw his plea but denied his request to withdraw his stipulation to his probation violation, finding the stipulation itself was knowingly entered. Case 4 is not part of this appeal.

ANALYSIS

*Crowe's Stipulation Was Knowingly Made*

Crowe first argues the district court erred in denying his request to withdraw his stipulation to his probation violation. He asserts this violated his right to due process under the United States and Kansas Constitutions. Crowe also suggests his waiver of his right to an evidentiary hearing on the probation violation was not knowingly and understandingly entered because he was not aware of the consequences of his plea. His reasoning is misplaced.

3

The district court allowed Crowe to withdraw his plea because he was not aware of a *collateral* consequence of a conviction for the crime to which he pled. But Crowe was well aware of the consequences of his stipulation and waiver of an evidentiary hearing. The district court informed Crowe he had the right to an evidentiary hearing and, if he waived his right to a hearing and stipulated to violating his probation, the State was not required to prove the violation. Crowe responded he understood and still wished to stipulate to his probation violation. This stipulation and the consequences thereof—waiver of a hearing, revocation of probation, and imposition of his underlying prison sentences—were also explicitly contemplated in the plea agreement Crowe entered with the State. The district court was not required to hold an evidentiary hearing because it advised Crowe of his right to a hearing and Crowe waived it. See K.S.A. 22-3716(b)(2).

Crowe does not argue that his counsel was ineffective when he entered his stipulation or that he was coerced into entering the stipulation. Crowe also does not claim he stipulated to incorrect facts supporting the stipulation. We are unpersuaded that the basis for Crowe withdrawing his plea—not knowing the conviction in Case 4 required lifetime offender registration—shows he did not know the consequences of stipulating to the probation violation—waiver of an evidentiary hearing, revocation of his probation, and imposition of his underlying sentences. Crowe's plea affected his conviction, his sentence, and the collateral consequences in his new case; his stipulation affected the way he served his sentences in his prior cases. These are factually and legally distinct issues, even if the conduct forming the basis for both the plea and stipulation is the same.

While we acknowledge the distinctions Crowe points out in the circumstances here from those in *State v. Allen*, No. 121,779, 2021 WL 137406, at *1 (Kan. App. 2021) (unpublished opinion), we find them irrelevant. The *Allen* panel found Allen was not entitled to withdraw his stipulations where he filed a vague, generic motion asserting his

counsel was ineffective. See 2021 WL 137406, at *7-8. The panel noted permitting Allen to do so would require an evidentiary hearing to determine whether he received deficient representation. The panel reasoned this only incentivized defendants to waive an evidentiary hearing to seek the benefit of a lesser sanction, then file a generic motion if that failed. In other words, procedural gamesmanship would create such a burden that it would disincentivize the State from seeking probation revocations for legitimate violations. 2021 WL 137406, at *5-6. But here, the district court had already held an evidentiary hearing on the motion; thus, Crowe received more due process than the defendant in *Allen*. The district court had simply determined Crowe's stipulation was entered knowingly and with a full understanding of the consequences. We have no hesitation agreeing with the district court. Accordingly, we affirm the district court's decision to revoke Crowe's probation and order him to serve his underlying prison sentences in Cases 1, 2, and 3.

*Crowe Is Entitled to Additional Jail Credit*

Crowe further argues the district court erred in failing to award all jail credit toward his sentences for his prior cases. Under our Supreme Court's decisions in *Hopkins*, 317 Kan. at 657, and *Ervin*, 320 Kan. at 311-12, Crowe is entitled to jail credit for all days spent in confinement awaiting disposition of his cases, irrespective of the fact that those same days were credited toward his sentence in Case 1.

The State argues *Hopkins* and *Ervin* were wrongly decided and essentially defeat the point of consecutive sentences when applied in cases such as this. While the State's argument is well-reasoned—jail credit should be assigned one day for one day no matter how many cases are pending—our Supreme Court continues to maintain its position on this issue. See *State v. Zongker*, 322 Kan. 137, 140, 586 P.3d 769 (2026). Seeing no indication our Supreme Court intends to depart from its position in *Ervin*, we are duty-bound to vacate the district court's order of jail credit. See *State v. Patton*, 315 Kan. 1, 16,

503 P.3d 1022 (2022). Accordingly, we vacate the district court's award of jail credit and remand for the district court to recalculate Crowe's jail credit.

Affirmed in part, vacated in part, and remanded with directions.